RANDOLPH, Circuit Judge,
dissenting:
I am not sure whether hard cases really do make bad law. I am certain that bad law comes from easy cases made hard. The majority’s opinion has turned this into such a case.
The issue is whether this defendant pled guilty to a crime of violence under D.C. law, and so should be sentenced as a career offender under federal law. The record is sparse but there are three things we know with certainty. We know the defendant was convicted of violating D.C.Code Ann. § 22-2901 (1973), the robbery statute, for stealing money from a woman. Appellant’s App. 109. We also know that there are two ways to violate § 22-2901, only one of which qualifies as a crime of violence. A person may commit the offense of robbery “by sudden or stealthy seizure or snatching” — not a crime of violence because it does not involve the use of, or threatened “use of physical force against” another person. United States v. Mathis, 963 F.2d 399, 405, 408 (D.C.Cir. 1992). Or he may violate § 22-2901 if the robbery is “against resistance ... or by putting in fear” — a crime of violence under the federal definition. Id. at 408^109. The third thing we know with certainty is that this defendant pled guilty to an information charging him with committing a robbery “by force and violence, against resistance and by putting in fear.” Appellant’s App. 109. He pled guilty, in other words, to an information charging a violent crime. I am not, as the majority states, “assuming” that the charging document so narrowed the statutory offense. My conclusion rests on legal analysis and precedent: the dependent clause in both the statute and the information — “against resistance and by putting in fear” — modifies “force and violence.” Mathis, 963 F.2d at 408. The information therefore unmistakably narrows the offense to a crime of violence, which was precisely the government’s argument to us. See Gov’t Br. at 34-36; Oral Arg. at 24:20 (“What was before the trial court and before this court are the charging document that clearly charges a crime of violence and the judgment and commitment order that indicates that’s the document on which the defendant was sentenced. So other than sheer speculation there’s nothing to undercut that.”); but see Maj. Op. at 1091.
My colleagues’ opposite conclusion thus rests on nothing more than conjecture. It is possible, they say, that the defendant changed his tune when he stood before the judge. Maybe he confessed only to snatching and maybe the judge took the *1094 plea anyway even though the information charged only the violent crime of robbery. Is it proper to speculate about what could have occurred during the plea proceedings? My colleagues say yes. The Supreme Court says no. Shepard v. United States, 544 U.S. 13, 21, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), holds that the “details of a generically limited charging document would do in any sort of case.” By “generically limited” the Court meant limited to the violent offense contained in the statute. By “would do in any sort of case” the Court meant that in a plea case, an information charging only the violent offense is enough to show that the defendant committed a crime of violence. A plurality of the Court reiterated the point: “without a charging document that narrows the charge to generic limits, the only certainty of a generic finding lies in” the supplemental plea records. Id. at 25, 125 S.Ct. 1254 (plurality opinion). But with a charging document that narrows the charge to a crime of violence, a sentencing court’s limited inquiry is at an end. See id. at 21, 125 S.Ct. 1254 (majority opinion).
The majority nevertheless imagines the defendant having a last minute change of heart and pleading to something that was not charged. Taken to its logical conclusion, the majority’s position generates a new rule: no charging document, however precise, can suffice to show that the defendant pled guilty to a crime of violence when the underlying statute covers violent and non-violent crimes. Shepard rejects such a rule.
I therefore dissent.